THE STATE OF NEVADA, Respondent, *v.* JAMES WALSH, APPELLANT.

MURDER—THREATS—FAILURE TO CONNECT PROOF ADMITTED ON CONDITION. In a trial for murder, evidence being offered to prove that a half hour before the killing the defendant had said that "a d—d puppy had been talking about his wife, and he was going to put a stop to it," was admitted against defendant's objection, on the undertaking of the District Attorney to show by further testimony that the defendant referred to the deceased; but no such further proof being made, nor any ruling excluding the evidence, and the prisoner being convicted of murder in the first degree: *Held*, that the testimony under the circumstances was improper, was calculated to prejudice defendant, and in the absence of a proper instruction, was good cause for reversal of the judgment.

APPEAL from the District Court of the Sixth Judicial District, Lander County.

The facts are stated in the opinion.

*William Patterson*, for Appellant.

*H. Mayenbaum*, for Respondent.

By the Court, JOHNSON, J.:

The defendant was indicted for murder in the killing of one Owen Murphy, tried and convicted for the crime in the first degree, and sentenced to death. A new trial was refused, and from such order, the judgment, and certain rulings of the Court below, this appeal is brought.

One of the alleged errors, and upon which we rest the judgment herein, is the admission of the testimony of one Joseph Beardsley, a witness for the State, against defendant's objection. The grounds of the objection will appear from the record, as follows:

"Joseph Beardsley, sworn for the prosecution, said: 'I know Walsh, but did not know Murphy; was there at Murphy's cabin immediately after his decease. I saw Walsh about a half an hour before, the killing of Murphy; saw him near the Manhattan Mill, as he was on his way home; he seemed to have been drinking considerably.' Here defendant's counsel demanded the object of the proof about to be offered, when the District Attorney stated that

he proposed to show threats made against Murphy by Walsh, and although no name was mentioned, that he would show that Murphy was the person referred to by Walsh. The counsel for the defendant objected to the admission of the evidence, which objection was overruled by the Court upon the ground that the District Attorney proposed to connect the declaration of Walsh with Murphy. Defendant's counsel then and there excepted. Beardsley then proceeded:   *   *   *   ' Walsh said that a party had been talking about his wife, and he intended to put a stop to it.   *   *   *   He said he was in a hurry, and when asked by the witness why in such a hurry, his reply was that a party had talked about his wife, and he was going to put a stop to it.   *   *   *   There is a d—d puppy up here who has been talking about my wife, and I am going to put a stop to it.' This was his language."

These declarations, detailed by the witness, were manifestly irrelevant unless connected with Murphy, and to meet the objection, the District Attorney stated that he would establish by other evidence the fact that Murphy was the person referred to by the defendant in his conversation with the witness. With the understanding that such evidence would be forthcoming in the course of the trial, the Court admitted these declarations in evidence. But, as it appears, the prosecution did not make good the condition upon which the evidence was allowed, for no additional or connecting proofs were adduced, and the case was left with the jury without an instruction that the evidence upon that point should be disregarded—hence, it is claimed that defendant should have been granted a new trial.

Perhaps the expressions testified to by Beardsley are of themselves somewhat vague and uncertain, and convey no positive meaning of intended bodily injury; yet, from the nature of the crime charged upon defendant, and circumstances developed on the trial, this testimony could not fail to prejudice the cause of the accused in the minds of the jurors. Indeed, it seems to us highly probable that this evidence had material influence with the jury, in fixing the degree of guilt.

The Court below, as we have shown, not having instructed the jury to disregard the evidence of Beardsley, it is not a question here whether such an instruction would have been sufficient; but

it is very certain that the absence of such direction was sufficient cause to entitle defendant to a new trial; and upon this ground the judgment is reversed, and the cause remanded for further proceedings.